NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

ELIZABETH WEINGARTEN and
WILLIAM WEINGARTEN,    :    Civil Action No. 05-2254 (FLW)

    Plaintiffs,
  v.    :    **OPINION**

MACADO'S INC., et al.,
    Defendant

---

**WOLFSON, District Judge**

    Presently before the Court is a Motion Seeking to Change Venue filed by Defendant, Macado's Inc. ("Macado's"), pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C.§ 1391(a). Defendant, a Virginia corporation, owned and operated a restaurant at 922 University Boulevard, Blacksburg, Virginia. Plaintiff, Elizabeth Weingarten, filed the instant suit after she allegedly fell inside Defendant's restaurant[1]. Defendant argues that New Jersey is not the proper venue for this action, and, instead, that this Court should transfer the instant matter to the Western District of Virginia. Plaintiffs oppose this Motion. The court has jurisdiction pursuant to 28 U.S.C. §1332(a) and 28 U.S.C. §1391. For the reasons that follow, Defendant's Motion to Change Venue is granted.

---

[1] Plaintiff's husband, William Weingarten, is joined as a Plaintiff on a loss of consortium claim. For purposes of this opinion, "Plaintiff" will refer to Elizabeth Weingarten.

**I. Background**

Plaintiff, a resident of Belvidere, New Jersey, alleges that on April 26, 2003, she suffered personal injuries after she slipped and fell inside Defendant's restaurant in Blacksburg, Virginia. See Plaintiff's Compl. at ¶¶ 9 & 13. On April 26, 2005, Plaintiff filed a Complaint against Macado's for damages arising out of her fall. Plaintiff relies upon 28 U.S.C. §1332(a)(1) as a basis for subject matter jurisdiction[2]. Specifically, Plaintiff's Complaint alleges that Macado's had a duty to "use reasonable care, to maintain and keep said premises...free of obstacles and/or defects that might cause injury to said plaintiff" and that Defendant "negligently, carelessly and in disregard of said duty, permitted the premises to become and remain in an unsafe condition and in such a manner as to create a nuisance." Pl's Complaint at ¶12. In its Answer to the Complaint, Defendant asserted that venue was improper as an affirmative defense. Def's Answer ¶¶ 16 & 17. On August 10, 2006, Defendant filed a Motion to Change Venue, and, in response, Plaintiffs filed opposition on September 1, 2006.

**II. Discussion**

Where jurisdiction is based solely on diversity, 28 U.S.C. § 1391(a) provides that a civil action may only be brought in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

---

[2]Diversity jurisdiction is proper because Defendant is a resident of Virginia, Plaintiff is a resident of New Jersey and the amount in controversy exceeds $75,000.

2

See also Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir.1995). For the purposes of establishing proper venue in a diversity action, "a corporate defendant shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). Accordingly, in this case, venue is proper in the District of New Jersey if Macado's is subject to personal jurisdiction within this district.

"A federal court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of the state." Carteret Sav. Bank, F.A. v. Shushan, 954 F.2d 141, 144 (3d Cir.1992). The New Jersey long-arm rule extends to the limits of the Fourteenth Amendment Due Process protection. See New Jersey Court Rule 4:4-4(c); Shushan, 954 F.2d at 145. Thus, this Court is constrained, under New Jersey's long-arm rule, only by the "traditional notions of fair play and substantial justice," inhering in the Due Process Clause of the Constitution. See Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

In determining whether this Court can exercise personal jurisdiction over the Defendant, I must first ascertain whether Defendant had the minimum contacts with the forum necessary to have "reasonably anticipate[d] being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980) (citations omitted). What constitutes minimum contacts varies with the "quality and nature of defendant's activity." Hanson, 357 U.S. at 253. In assessing the sufficiency of minimum contacts for personal jurisdiction, the court must focus on the "relationship among the defendant, the forum, and the litigation." Keeton v. Hustler, 465 U.S. 770 (1984). Otherwise stated, there must be at least "a single deliberate contact" with the forum state that relates to the cause of action. United States Golf Ass'n v. United States Amateur Golf Ass'n, 690 F.Supp. 317, 320 (D.N.J.1988). The unilateral acts of the plaintiff, however, will not

3

amount to minimum contacts. Helicopteros Nacionales de Colombia, 466 U.S. at 414; Hansen, 257 U.S. at 253. The due process limitation protects the defendant's liberty interest in not being subject to the entry of a judgment in a jurisdiction with which the defendant does not have sufficient minimum contacts. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-72 (1985). Consequently, the minimum-contacts test "gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." World Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

In the instant matter, Plaintiff suggests that Defendant has minimum contacts with New Jersey because Defendant serves New Jersey residents at its restaurant in Virginia. Indeed, other than this remote connection to New Jersey, there is no suggestion that Defendant transacts business in New Jersey or has reached into this forum in any way. Thus, I find that the alleged contact is insufficient to establish personal jurisdiction over the Defendant and it does not establish that Defendant could reasonably anticipate being haled into court here. Accordingly, I find that Defendant has not had minimum contacts with this state; thus, there is no basis for this Court to assert personal jurisdiction over Defendant in the instant matter.

Moreover, because Macado's is not subject to personal jurisdiction in this district, venue is also improper in New Jersey. As set forth above, venue is proper in a judicial district where any defendant resides, if all defendants reside in the same state or in a judicial district where a substantial part of the events occurred or in a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(a)(1). In the instant

matter, Macado's, a Virginia corporation, is the only named Defendant[3] in this action. Moreover, the events at issue here occurred in Virginia. Thus, I find that Venue is proper in the Western District of Virginia.

Finally, the Court need not address Plaintiffs' arguments that Virginia is not a convenient forum[4]. Indeed, the Court notes that venue and forum non conveniens are distinct jurisdictional principles. "Forum non conveniens presupposes the existence of two judicial forums each possessing jurisdiction and venue over the action, but posits that one forum may resist invocation of its jurisdiction when trial of the action would more appropriately proceed in the other forum." Dahl v. United Technologies Corp., 632 F.2d 1027, 1030 (3rd Cir. 1980). As discussed above, Defendant did not maintain sufficient contacts with New Jersey to warrant personal jurisdiction here. Because New Jersey is not a proper forum for this action, this Court cannot consider whether New Jersey would be a more convenient forum for the Plaintiffs. In any event, Plaintiffs have failed to address the factors of forum non conveniens.

### III. Conclusion

For the reasons set forth above, I find that this Court cannot exercise personal jurisdiction over Defendant Macado's. Thus, I will transfer this action to the United States District Court for the Western District of Virginia, the forum in which Defendant resides and in which the events at issue in this matter occurred. Accordingly, Defendant's Motion to Change Venue is granted. An

---

[3] Plaintiff's Complaint also named numerous John and Jane Does as well as ABC and XYZ Corporations.

[4] Indeed, the only argument that Plaintiffs make regarding inconvenience is that they are senior citizens residing in new Jersey.

appropriate Order shall follow.


Dated: September 20, 2006

/s/ Freda L. Wolfson
Honorable Freda L. Wolfson
United States District Judge